IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAILIN NICOLE SOLOFF *(Pro Se)*,
DYLAN MICHAEL SOLOFF *(Pro Se)* As
*Beneficiaries of The 1978 Irrevocable Deed Of*      17cv1500
*Trust Meghan Ellen Holtz Soloff, The 1994*      ELECTRONICALLY FILED
*Irrevocable Deed of Trust of Meghan Ellen*
*Holtz Soloff, A.M.M.T- A Family Limited*
*Partnership, Custodial Account of Cailin*
*Nicole Soloff, Custodial Account,*

        Plaintiffs,

        v.

EDWARD J. AUFMAN, WILLIAM J.
GAFFEY, AUFMAN ASSOCIATES, INC.

        Defendants.

**MEMORANDUM ORDER**

Before the Court are four Motions and Responses. All four will be addressed, seriatim, below. Because the Court writes primarily for the benefit of the Parties, no factual background is necessary.

1. **Plaintiffs' Motion for Sanctions and to Compel Discovery ([doc. no. 50](#)) and Defendants' Response in Opposition (doc. no. 57)**

Plaintiffs filed a Motion for Sanctions claiming that they are entitled to documents which are within the Defendants' custody, but which Defendants have refused to produce. Specifically, Plaintiffs note that Defendants refused to produce documents related to, "the 1978 Irrevocable Deed of Trust of Meghan Ellen Holtz, the 1994 Irrevocable Deed of Trust of Meghan Ellen Holtz, a Vanguard Account belonging to the Trust, a Grandchildren's Trust, a PNC agency account transferred into the Trust, a Family Limited Partnership AMMT Partners LP, AMM&T

Partners LP, Holtz Holdings and any/all accounts and documents in the name of either the Holtz or Soloff Family[.]" Plaintiffs cite the portion of the 1940 Investment Advisors Act, 15 U.S.C. 80b-3, for the types of documents they expected the Defendants to provide to them.

Defendants responded to this Motion by noting that they have already produced "over 7,000 pages of documents in Response to Plaintiffs' requests for production, records from the State Court proceeding, and emails dating back to 2012. Defendants explain that some emails produced include emails from Plaintiffs' grandfather, notifying Plaintiffs that their mother wanted to use some money from Plaintiffs' trust funds. Upon receiving approval from Plaintiffs, Plaintiffs' grandfather authorized Defendant Aufman to make the monetary transfer. Defendants explain the authorization flowed from Plaintiffs to their grandfather, and not to Defendants. In light of these facts, "authorizations" were not issued by Defendants, and they have no documents responsive to such requests, thus the Court will not production thereof.

Next, Plaintiffs seek documents which belong to other clients of Defendants. Although those "other clients" happen to be Plaintiffs' grandparents and corporate entities which their grandparent(s) control, the Court concurs that Plaintiffs need to subpoena these documents. They are not automatically entitled to these documents through discovery. Similarly, although Plaintiffs presented Defendants with a release signed by Meghan Ellen Holtz Soloff (Plaintiffs' mother), Defendants' claim it is the grandparent(s) who own and control the documents in Defendants' possession. Thus, this Court that absent an authorization from the grandparent(s) or a subpoena, Defendants are not required to produce these documents through discovery.

Finally, because the Court finds that Defendants have produced those documents which must be produced in order to comply with the Federal Rules of Civil Procedure concerning

discovery, as well as this Court's Orders on the subject, sanctions are not appropriate. Therefore, Plaintiffs' Motion to Compel and for Sanctions (doc. no. 50) will be denied.

### 2. Defendants' Motion to Strike Attachment No. 1 to the Amended Complaint (doc. no. 52) Plaintiff's Response thereto (doc. no. 58)

Next, Defendants filed a Motion to Strike Attachment no. 1 to the Amended Complaint. This document is styled "Amended Answers to Affirmative Defenses." Plaintiffs do not need to respond to Defendants' Affirmative Defenses. This document filed by Plaintiffs will be stricken, and thus Defendants' Motion will be granted.

### 3. Defendants' Motion to Compel (doc. no. 54) and Plaintiff's Response in Opposition (doc. no. 59)

Defendants allege that they have not, to date, received formal Responses to their Requests for Production of Documents, although *pro se* plaintiff, Cailin Soloff, did produce documents and "informally served a list generally categorizing [those] documents." Doc. no. 54, p. 2. Defendants further allege that they "cannot determine what documents Plaintiffs actually have in their possession, custody, and control." In addition, Defendants allege that, "Plaintiffs have stated that they have additional documents and materials in their possession, custody and control which they have deliberately refused to produce." Defendants reference doc. no. 43, filed by Plaintiffs, wherein it appears that Plaintiffs are filing responses to Defendants' objections set forth in their discovery responses, probably Defendants' Responses to Plaintiffs' request for Production and/or Answers to Interrogatories. Finally, Defendants suggest that Plaintiffs' alleged withholding of documentation impedes their ability to have a meaningful Early Neutral Evaluation ("ENE") with attorney, Paul Goncz.

The Court agrees that Plaintiffs must comply with Fed.R.Civ.P. 34(a)(2)(B), and they must supply Defendants with full and complete written Responses to Defendants' Requests for

3

Production of Documents. Any Request to which Plaintiffs have already supplied documents, their Response should so state. In addition, their Response to each Request should also indicate (either by Bates number or thorough description) precisely which document(s) previously produced are responsive to that Request.

Next, any document(s) that Plaintiffs possess or have control over which have not yet been produced, should be produced if they are, in fact, responsive to any one or more of the Defendants' Requests for Production. Moreover, Plaintiffs must set forth in their Responses to Defendants' Requests for Production which new document(s) (either by Bates number or thorough description), are responsive to which Request(s).

Finally, this Court does not agree with Defendants that a meaningful ENE take place without the production of the allegedly missing documents. The purpose of this ENE – like others – is to have a neutral third party with expertise in the area of law at issue in the case, review the claims and defenses asserted in the case, and provide the Parties with an Opinion on the strengths and/or weaknesses of their claims and defenses. Given that 7,000 documents have been produced by Defendants and an unknown number produced by Plaintiffs, the Court finds that the Neutral should be able make assessments with regard to the claims and defenses asserted herein.

### 4. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Answer (doc. no. 60)

Plaintiffs filed a Motion to Strike Defendants Affirmative Defenses and Answer to Plaintiffs' First Amended Complaint. Doc. no. 60. Defendants filed a Response. Doc. no. 62. Under the pleading rules set forth in the Federal Rules of Civil Procedure, there is no obligation of Plaintiffs to respond to a Defendants' Affirmative Defenses nor any statements set forth in its Answer. See Fed.R.Civ. P. 7. The Court did not order Plaintiffs to Reply to Defendants'

Answer.  If Plaintiffs wish to challenge any statement asserted by Defendants in its Affirmative Defenses or its Answer, then Plaintiffs will have an opportunity to do so at the appropriate time consistent with this Court's Case Management Order.  For all of these reasons, the Plaintiffs' Motion to Strike ([doc. no. 60](doc. no. 60)) will be denied.

## ORDER OF COURT

1. Plaintiffs' Motion for Sanctions and to Compel Discovery (doc. no. 50) is **DENIED**.

2. Defendants' Motion to Strike Attachment No. 1 to the Amended Complaint (doc. no. 52) is **GRANTED**.

3. Defendants' Motion to Compel (doc. no. 54) is **GRANTED IN PART** in so far as Plaintiffs are required to submit to Defendants, by June 29, 2018, any documents responsive to Defendants' Requests for Production as well as full and complete written Responses to Defendants' Requests for Production.

4. Plaintiffs' Motion to Strike (doc. no. 60) is **DENIED**.

SO ORDERED this 21st day of June, 2018.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record