IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAILIN NICOLE SOLOFF *(Pro Se)*,
DYLAN MICHAEL SOLOFF *(Pro Se) As
Beneficiaries of The 1978 Irrevocable Deed Of
Trust Meghan Ellen Holtz Soloff, The 1994
Irrevocable Deed of Trust of Meghan Ellen
Holtz Soloff, A.M.M.T- A Family Limited
Partnership, Custodial Account of Cailin
Nicole Soloff, Custodial Account,*

17cv1500
ELECTRONICALLY FILED

      Plaintiffs,

              v.

EDWARD J. AUFMAN, WILLIAM J.
GAFFEY, AUFMAN ASSOCIATES, INC.

      Defendants.

## MEMORANDUM ORDER OF COURT

Before the Court is Plaintiffs' Motion to Reconsider its Order entered at doc. no. 63, denying Plaintiffs' Request that the Court Strike Defendants' Affirmatives Defenses. See doc. no. 64. Embedded within Plaintiffs' Motion is also a Motion that this Court appoint Plaintiffs' an attorney.[1] Id. Defendants have file a Response to this Motion. See doc.no. 65.

### I.    Relevant Law

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if

---

[1] The Court notes that Plaintiffs previously requested a pro bono attorney be retained to represent them in this matter. See doc. no. 22. The Court denied that Motion without prejudice to refile. Doc. no. 26. See discussion, *infra*.

new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

## II. Discussion

### A. Motion to Reconsider Court Order no. 63 Denying Plaintiffs' Motion to Strike Affirmative Defenses

Turning to the instant Motion, and returning to the three bases upon which a Motion for Reconsideration may be granted, Plaintiffs do not argue that there has been an intervening

change in controlling law, nor do they present new evidence, not previously available, alleging it has become available. Finally, Plaintiffs do not specifically argue that reconsideration of this Court's prior Order (doc. no. 63) is necessary to correct a clear error of law in order to prevent manifest injustice. Because Plaintiffs fail to meet any of the bases upon which reconsideration can be granted the Court **DENIES** the portion of the Motion requesting reconsideration of its Order entered at doc. no. 63.

### B. Motion to Reconsider Court Order no. 26 Denying without Prejudice Plaintiffs' Motion for Pro Bono Counsel

Plaintiffs' instant Motion also requests, for a second time, that they be appointed pro bono counsel to represent them, "in Pennsylvania." Previously, this Court denied Plaintiffs' Motion to Waive their Pro Rata Share of the Neutral's Cost (see doc. no. 25) and simultaneously denied Plaintiffs' Motion for a Pro Bono Attorney to represent Plaintiffs at the ADR Early Neutral Evaluation (See doc. no. 22). Doc. no. 26. As the Court explained in Order no. 26, it was denying Plaintiffs' request for a free ENE process and for a free attorney at the ENE, but would be willing to reconsider appointing a pro bono attorney for Plaintiffs after payments were made to retain the Neutral Evaluator.

Plaintiffs' instant Motion now requests, five days prior to the ENE, that a pro bono attorney be provided to them. Given the extremely late nature of the request and the fact that this case involves a complex matter and a lengthy factual and legal history, it would be impossible for a pro bono attorney to be first appointed, run a conflict check, and adequately learn the factual and legal intricacies of this matter in order to be able to provide sound legal advice and advocacy by June 29, 2018. However, given that the purpose of the upcoming ENE is for the Neutral to provide the Parties with an objective, impartial review of: (1) the claims asserted by Plaintiffs, as well as (2) the defenses asserted by Defendants, settlement will likely not be

3

discussed and thus, advocacy will not be needed. The ultimate goal of the Neutral at this upcoming ENE is to convey to the Parties the strengths and weaknesses of their respective claims and defenses and invite discussion openly, in a non-confrontational forum. Therefore, the need to retain an advocate for Plaintiffs is not germane to the upcoming ENE proceedings. For all of these reasons, the Court hereby **DENIES** Plaintiffs' request for a pro bono attorney.

Nevertheless, in an effort to assist the Parties and Plaintiffs, especially, the Court hereby **ORDERS** that the Neutral retain or hire a court reporter or stenographer to attend this ENE on June 29, 2018, to record all that is said by the Neutral and the Parties. The Parties will equally bear the full cost of the attendance of the court reporter or stenographer. (This cost is in addition to the Neutral fee, which has already been paid in full, equally, by both Parties.) Although this transcript will not be filed on the docket, it will assist the Parties accurately recall what is discussed by one another and the Neutral during the ENE. By having a full and complete record of this proceeding, if the Parties wish to pursue mediation or some other form of settlement prior to the trial of this matter, this transcript may prove to be valuable to the Parties' mediator.

**SO ORDERED this 27th day of June, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All ECF Registered Counsel of Record
David Goncz, Esq. - Neutral for the ENE