IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAILIN NICOLE SOLOFF *(Pro Se)*, and
DYLAN MICHAEL SOLOFF *(Pro Se)*,

        Plaintiffs,

        v.

EDWARD J. AUFMAN, WILLIAM J.
GAFFEY, and AUFMAN ASSOCIATES,
INC.

        Defendants.

17cv1500
ELECTRONICALLY FILED

**MEMORANDUM ORDER ON PLAINTIFFS' PENDING MOTIONS, DOC. NO. 87, DOC. NO. 92, DOC. NO. 93, AND DOC. NO. 95**

Within the past week, Plaintiffs have filed four motions: (1) a Motion for Judicial Notice to be Taken, asking that the Court take judicial notice that Plaintiffs were unemancipated minors who had not attained 18 years of age in 2014, and that the statute of limitations period during which their causes of action must be commenced was therefore tolled until they reached age 18, pursuant to 42 Pa. Cons. Stat. § 5533, Doc. No. 87; (2) a pleading styled Motion for Reconsideration of Second Refusal to Recuse, containing a plethora of arguments, mostly related to the Alternative Dispute Resolution process, Doc. No. 92; (3) a First Motion to Continue, seeking clarification of a scheduling order and a new Pretrial Order in the case, Doc. No. 93; and (4) a First Motion to Stay Proceedings Pending Mandamus, seeking a stay of the case until the United States Court of Appeals for the Third Circuit has ruled upon Plaintiffs' Petition for Writ of Mandamus, Doc. No. 95.

Defendants have responded to each Motion. *See* Doc. Nos. 97, 98, 99, and 100. For the reasons set forth herein, the Court will GRANT Plaintiffs' Motion to Stay Proceedings Pending Mandamus, Doc. No. 95, EXCEPT THAT Defendants may refile a Motion for Sanctions

consistent with LCvR 16.2 and Appendix A to the ADR Policies and Procedures pursuant to the previously entered Text Order at Doc. No. 84 (which will be assigned to another Judicial Officer pursuant to said Appendix A). Further, Plaintiffs must comply with the Order entered at Doc. No. 82 Granting Defendants' Motion to Compel, which directs Plaintiffs to file appropriate discovery responses and to produce documents requested by Defendants. Plaintiffs' other Motions, Doc. nos. 87, 92, and 93 are DENIED.

1. **Plaintiffs' Motion for Judicial Notice to be Taken, Doc. No. 87**

Plaintiffs' Motion for Judicial Notice to be Taken, Doc. No. 87, relates to the merits of Plaintiffs' claims, and Defendants' affirmative defenses, and is DENIED, without prejudice, since the request is premature in this litigation and since the relief requested is beyond the scope of Federal Rule of Evidence 201.

2. **Plaintiffs' Motion for Reconsideration of Second Refusal to Recuse, Doc. No. 92**

Plaintiffs' Motion for Reconsideration of Second Refusal to Recuse, Doc. No. 92, fails to set forth any of the conditions requisite to a district court's reconsideration of a prior order, which are:

> (1) if there has been an intervening change in controlling law;
> (2) if new evidence, which was not previously available, has become available; or
> (3) if it is necessary to correct a clear error of law or to prevent manifest injustice.

*Howard Hess Dental,* 602 F.3d 237, 251 (3d Cir. 2010), citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)[1].

---

[1] Plaintiffs make much of the Court's citation to *Max's Seafood Café by Lou Ann, Inc.*, and find it "troubling" that the Court often cites to it for the applicable standard of review when considering motions for reconsideration. However, citation to controlling caselaw from the United States Court of Appeals for the Third Circuit to elucidate the issues to be decided in a motion does not establish a basis for recusal.

Although Plaintiffs have not established any of these conditions, they do attempt to introduce new "evidence" into the proceedings through numerous misstatements of fact related to docket entries in this case. The Court will address these misstatements to allay Plaintiffs' concerns, as follows:

### a. ADR Neutral's Docket Filings

Plaintiffs assert that the undersigned District Judge "impersonated" the ADR Neutral selected by the Parties, *see* ADR Stipulation at Doc. No. 18, added his name to the docket in this case,[2] and filed an ADR Report to which the undersigned District Judge had allegedly added "his own" opinions. Doc. No. 92, pp. 2-5. Plaintiffs do not offer evidence in support of this assertion, nor much in the way of explanation for their conclusions that this happened - - other than that the ADR Neutral in this matter filed the required Report of Early Neutral Evaluation indicating that the case had not been resolved. *See* Doc. No. 70.

### b. Confidential ENE Proceedings

Plaintiffs appear to be under the mistaken belief that the ADR Neutral's confidential report has been shared with the undersigned District Judge and/or was filed on the public docket. On the contrary, the Order directing the preparation of the confidential report by the ADR Neutral states that it is "for the parties and counsels only." Text Order at Doc. No. 74. The Court has not received the confidential written report of the Neutral, nor has said report been filed. The only ADR Report (Doc. No. 70) that has been filed on the docket is the one which indicates whether or not an ADR Session occurred and whether or not the case was resolved, as required by the Local Rules.

---

[2] Plaintiffs are advised that ADR Neutrals must be added to the docket so that they may file the required ADR Report following the ADR Session. For that reason, Neutrals are routinely added to, and terminated from, case dockets.

3

Plaintiffs now complain that the ADR Neutral attached email correspondence from Plaintiffs to that Report, describing that correspondence as "a private email sent to the Evaluator [(ADR Neutral)] that has been pasted onto that Report that only should have been seen by the Evaluator." Doc. No. 92, p. 5. That email of Plaintiffs, which demanded a refund of the ADR Neutral's reduced fees, included the following:

> No privacy has been asserted in this letter, you may use this letter
> in anyway that you see fit.

Doc. No. 70, p. 4 (correspondence to ADR Neutral Samuel Goncz from Cailin and Dylan Soloff, dated June 30, 2018).

### c. "Backdating" of the Pretrial Order (Doc. No. 21)

Plaintiffs claim that the Court has "illegally backdated" a Pretrial Order "to prevent any Appeal." Doc. No. 92, p. 5. The Pretrial Order at issue, Doc. No. 21, was vacated by the Court due to Plaintiffs' relentless motions practice which has made it impractical to keep the pretrial/trial deadlines previously set in this case. *See* Doc. No. 69. As is this Court's practice, the vacated Pretrial Order was removed from view so that the Parties would not be confused by conflicting dates that may appear in any new Pretrial Order. To alleviate the concerns of Plaintiffs, the Court will restore access to Doc. No. 21, which was filed on 04/04/18 and was not "backdated." It is unclear which issues included in the vacated Pretrial Order Plaintiffs wished to appeal.

### d. Docket "Modifications"

Plaintiffs are also concerned with the numerous "modified" docket entries that appear. Doc. No. 92, p. 6. The District Court's Clerk's Office personnel work diligently to ensure that case dockets meet uniform standards so that the information displayed to the public on the case dockets accurately reflects the documents attached. Plaintiffs have not highlighted any docket

4

text entries to which they object, and have not otherwise indicated that any of the actual documents which have been filed were modified.

### e. *No Basis for Reconsideration Established*

As previously stated, these arguments presented by Plaintiffs do not establish any basis for the Court to reconsider its prior Order denying recusal.

### 3. **Plaintiffs' First Motion to Continue, [Doc. No. 93](Doc. No. 93)**

The matters addressed in Plaintiff's First Motion to Continue, [Doc. No. 93](Doc. No. 93), have been discussed, *supra*, in Section 2.c. (related to the vacated Pretrial Order, Doc. No. 21). As previously stated, the Court will restore access to Doc. No. 21. Plaintiffs' request for a new Pretrial Order is DENIED, as the case will be stayed pending resolution of Plaintiffs' Petition for Writ of Mandamus, filed with the Court of Appeals.

### 4. **Plaintiffs' Motion to Stay Proceedings Pending Mandamus, [Doc. No. 95](Doc. No. 95)**

The Court will GRANT this motion and stay these proceedings until Plaintiffs' Petition for Writ of Mandamus to the Court of Appeals is resolved. However, the stay of these proceedings does not alleviate Plaintiffs from the prior Orders of this Court, and compliance with the Order at [Doc. No. 82](Doc. No. 82) directing Plaintiffs to file appropriate discovery responses and to produce documents to Defendants. Further, this stay does not prevent Defendants from re-filing their Motion for Sanctions consistent with LCvR 16.2 and Appendix A to the ADR Policies and Procedures pursuant to the previously entered Text Order at Doc. No. 84, since said Motion for Sanctions will be determined by another Judicial Officer pursuant to said Appendix A.

### 5. CONCLUSION

For the reasons set forth, Plaintiffs' Motions at Doc. Nos. 87, 92, and 93 are DENIED. Plaintiffs' Motion at Doc. No. 95 is GRANTED. The case will be stayed pending resolution of Plaintiffs' Petition for Writ of Mandamus by the Court of Appeals, EXCEPT THAT, Defendant may refile their Motion for Sanctions pursuant to the Text Order at Doc. No. 84, and Plaintiffs must comply with the Court's prior Order at Doc. No. 82. The Clerk is directed to mark this case CLOSED.

SO ORDERED, this 24th day of July, 2018

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record